# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF**
**BETH P. GESNER**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-4288**

November 15, 2016

Lawrence P. Demuth, Esq.
Mignini, Raab & Demuth, LLP
429 S. Main St.
Bel Air, MD 21014

Jay C. Hinsley, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Theodore A. Melanson, Esq.
Mignini, Raab & Demuth, LLP
606 Baltimore Ave., Ste. 100
Towson, MD 21204

> Subject:   John T. Paxton v. Carolyn Colvin, Acting Commissioner of Social Security
> Civil No.: BPG-15-3454

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 7, 8), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 18), Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 19), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 20). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, I will deny Plaintiff's Motion (ECF No. 18), deny Defendant's Motion (ECF No. 19), reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration.

## I.   Background

On January 30, 2012, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on December 29, 2010. (R. at 29.)[1] His claim was initially denied on March 30, 2012 (Id. at 92–95), and on reconsideration on October 9, 2012. (Id. at 97–98.) After a hearing held on May 7, 2014, an Administrative Law Judge ("ALJ") issued a decision on May 14, 2014 denying benefits based on a determination that plaintiff was not disabled. (Id. at 26–40.)

The Appeals Council denied plaintiff's request for review on October 8, 2015, making the ALJ's opinion the final and reviewable decision of the Commissioner. (Id. at 1–6.) Plaintiff challenges the Commissioner's decision on two grounds. First, plaintiff argues that the ALJ erred at step three of the sequential evaluation by failing to properly evaluate whether plaintiff's impairments met or equaled Listing 1.04. (ECF No. 18 at 8–11.) Second, plaintiff alleges that

---

[1] Plaintiff's application does not appear in the administrative record.

Paxton v. Colvin
Civil No.: BPG-15-3454
November 15, 2016
Page 2

the ALJ's residual functional capacity ("RFC") assessment did not properly account for plaintiff's moderate difficulties in concentration, persistence, and pace.  (Id. at 12–14.)

## II.   Discussion

Citing the Fourth Circuit's holdings in Fox v. Colvin, 652 F. App'x 750, 755 (4th Cir. 2015) (per curiam), and Radford v. Colvin, 734 F.3d 288, 292 (4th Cir. 2013), plaintiff first asserts that the ALJ failed to "specifically identify or compare any of the criteria listed in 1.04 to the medical evidence of Plaintiff's limitations" at step three of the sequential evaluation.  (ECF No.18 at 10.)  Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments that the Agency "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 404.1525(a).  In Fox, the Fourth Circuit held that the ALJ's medical listing analysis was deficient because it consisted of conclusory statements that lacked "any 'specific application of the pertinent legal requirements to the record evidence.'"  Fox, 652 F. App'x at 754 (quoting Radford, 734 F.3d at 291–92).  Thus, Fox requires that the ALJ provide express analysis, with factual support, to conclude that a medical listing has not been met at step three.

In the instant case, regarding his findings at step three of the sequential evaluation, the ALJ stated, in relevant part:  "Based on the evidence of record, the undersigned finds that the claimant does not meet the criteria of the listing at 1.04 relating to these impairments.  In addition, there are no findings substituted for any absent criteria [sic] that section, or in any other relevant listed impairment."  (R. at 32.)  Medical Listing 1.04 is defined as:  "Disorders of the spine . . . resulting in compromise of a nerve root . . . or the spinal cord.  With A. Evidence of nerve root compression . . . OR B. Spinal arachnoiditis . . . OR C. Lumbar spinal stenosis."  20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04.  Here, the ALJ's step three analysis with respect to plaintiff's degenerative disc disease clearly does not comport with the Fourth Circuit's mandate in Fox.  The ALJ did not identify any of the requirements of Listing 1.04, did not apply any findings or medical evidence to the identified disability listing, and "offered nothing to reveal why he was making his decision."  Radford, 734 F.3d at 295.  Although defendant contends that the ALJ mentioned Listing 1.04 "only because [plaintiff's] counsel specifically brought that listing to the ALJ's attention," (ECF No. 19 at 9–10), that reasoning is not reflected in the ALJ's opinion.  As the Fourth Circuit emphasized, it is not this court's role "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record."  Fox, 652 F. App'x at 755.

Defendant also contends that Fox is not triggered because plaintiff "fail[ed] to point to any evidence demonstrating the applicability of Listing 1.04," and that "the objective medical evidence . . . demonstrates that [plaintiff's] back and shoulder impairments fall far short of any of [Listing 1.04's] requirements."  (ECF No 19 at 10.)  But as this court explained in Kosisky v. Commissioner, 2016 WL 2588164 (D. Md. May 4, 2016), "identification of a specific listing indicates that there is ample evidence that the claimant might meet the listing, [and] the ALJ

must therefore provide specific reasons, matching the evidence to the listing requirements, to find that the claimant does not meet the listing." Id. at *5. In this case, the ALJ specifically identified Listing 1.04 in its step three analysis, but failed to explain why plaintiff did not meet that listing's requirements. Regardless of what the record evidence may show, this court cannot conduct a meaningful review "when there is nothing on which to base a review." Fox, 652 F. App'x at 755. Accordingly, remand is warranted so that the Commissioner may fully set forth the reasoning supporting the ALJ's conclusion that plaintiff did not meet the requirements of Listing 1.04.

Finally, plaintiff argues that the ALJ failed to comply with the requirements of the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). The Fourth Circuit remanded Mascio because the ALJ's RFC assessment—and the hypothetical upon which it was based—only limited the claimant to unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in concentration, persistence, or pace. Id. at 637–38. The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, observing that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. Id.

The court finds that, in the instant case, the ALJ's RFC assessment properly accounted for plaintiff's moderate difficulties in concentration, persistence, or pace. In assessing plaintiff's mental limitations at step three, the ALJ noted that "[t]he claimant . . . has chronic intermittent pain in his lower back and right hip. He is tired from medication. The claimant has difficulty with memory, but his focus and concentration are pretty good." (R. at 32–33.) The ALJ specifically addressed these limitations in his RFC assessment, adding a sit and stand option based, in part, on plaintiff's complaints of chronic back pain. (Id. at 34.) The ALJ also observed that plaintiff's "thought process was linear, logical and goal directed," that plaintiff "was attentive and his memory was intact," and concluded that, "[i]n terms of the claimant's mental disorders, the undersigned finds the limitations above are adequate." (Id. at 35.) Thus, the ALJ properly explained how and to what extent his RFC assessment reflected plaintiff's moderate difficulties in concentration, persistence, or pace, and his analysis meets the requirements noted in Mascio.

## III.   Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 18) IS DENIED and Defendant's Motion (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Paxton v. Colvin
Civil No.: BPG-15-3454
November 15, 2016
Page 4


      Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                    Very truly yours,

                    / s /

                    Beth P. Gesner
                    United States Magistrate Judge